# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ANTWAN REID, SR.,

    Petitioner,

Case No. 3:05-cv-109

   -vs-

District Judge Walter Herbert Rice
Chief Magistrate Judge Michael R. Merz

JAMES HAVILAND, Warden,

    Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court for consideration of the merits, Petitioner having filed his Traverse (Doc. No. 18)

Petitioner was convicted in the Montgomery County Common Pleas Court of aggravated robbery and aggravated murder, both with a firearm specification, and sentenced to thirty years to life imprisonment, plus three years on the specification.  His conviction was affirmed by the Montgomery County Court of Appeals on August 1, 2003, and the Ohio Supreme Court declined review on December 10, 2003.  He applied to reopen his direct appeal under Ohio App. R. 26(B) and that application was also denied.  He filed his Petition for Writ of Habeas Corpus here March 23, 2005 (Doc. No. 1).

On August 1, 2005, Petitioner sought leave to file an amended petition (Doc. No. 9).  The Court granted that Motion in part and denied it in part (Doc. No. 109).  Because the statute of limitations had run between the time of original filing and the time of attempted amendment and the

third and fourth grounds for relief sought to be pleaded in the amended petition did not relate back to the original petition under Fed. R. Civ. P. 15(c)(2), the Court held that the Petition could not be amended to add those two new claims.

The Amended Petition as tendered to the Court did not include the third, fourth, and fifth claims pleaded in the original Petition. Thus filing the Amended Petition as tendered would result in abandoning those three claims. To make sure this is what the Petitioner wanted to do, the Court expressly asked Petition if he wanted to abandon those grounds (Doc. No. 11 at 4). Petitioner responded:

> Petitioner hereby states that it is his intention to proceed with his Amended Petition in so far as the Court will permit his grounds for relief to go forward, even if the Court limits those grounds to the issues that it feels relate back to the original petition. While Petitioner takes exception to the Court's ruling that some of the issues raised in the Amended Petition would not relate back, Petitioner will address that in any objections that he may have with the Magistrate's Report and Recommendations.

(Petitioner's Clarification of Intentions, Doc. No. 15.)

In order to preserve[1] Petitioner's opportunity to object to the relation back ruling, the Magistrate Judge will incorporate that analysis here and then analyze the remaining claims on the merits.

---

[1] It is arguable that Petitioner waived his right to object to the relation back ruling by not timely objecting to the Decision and Order Granting in Part and Denying in Part his Motion to Amend. If Respondent makes this argument, the District Court may disregard the Magistrate Judge's expanded analysis on the statute of limitations.

**Whether Grounds Attempted to be Added by the Amended Petition Relate Back?**

In general, motions to amend habeas corpus petitions are governed by Fed. R. Civ. P. 15. Here that means that Petitioner required the Court's permission to amend because Respondent had answered.

The general standard for considering a motion to amend under Fed. R. Civ. P. 15(a) was enunciated by the United States Supreme Court in *Foman v. Davis*, 371 U.S. 178, 93 S. Ct. 227, 9 L. Ed. 2d 222 (1962):

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of any allowance of the amendment, futility of amendment, etc.
> -- the leave sought should, as the rules require, be "freely given."

371 U.S. at 182. In considering whether to grant motions to amend under Rule 15, a court should consider whether the amendment would be futile, i.e., if it could withstand a motion to dismiss under Rule 12(b)(6). *Hoover v. Langston Equip. Assocs.,* 958 F. 2d 742, 745 (6th Cir. 1992); *Martin v. Associated Truck Lines, Inc.,* 801 F.2d 246, 248 (6th Cir. 1986); *Marx v. Centran Corp.*, 747 F. 2d 1536 (6th Cir. 1984); *Communications Systems, Inc., v. City of Danville*, 880 F. 2d 887 (6th Cir. 1989). *Roth Steel Products v. Sharon Steel Corp.*, 705 F. 2d 134, 155 (6th Cir. 1983); *Neighborhood Development Corp. v. Advisory Council*, 632 F. 2d 21, 23 (6th Cir. 1980).

Respondent contended the Motion to Amend should be denied because it would be futile in that it seeks to add grounds for relief barred by the statute of limitations. 28 U.S.C. §2244 (d)

provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Respondent correctly conceded that the one-year statute did not begin to run in this case until June 22, 2004, ninety days[2] after March 24, 2004, the date on which the Ohio Supreme Court declined to review denial of reopening of the case on direct appeal. *See Abela v. Martin*, 348 F. 3d 164 (6th Cir. 2003). The statute thus expired on June 22, 2005. The original Petition was timely,

---

[2]The 90-day period is the time within which Petitioner could have sought a writ of certiorari from the United States Supreme Court to review the Ohio Supreme Court's denial of review.

having been filed in March, 2005. However, the Motion to Amend was not mailed to this Court until July 5, 2005, which is counted as the date of filing under *Houston v. Lack,* 487 U.S. 266, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988).

A claim in an amended petition does not relate back to the original date of filing under Fed. R. Civ. P. 15(c)(2) when it asserts a new ground for relief supported by facts that differ in both time and type from those set forth in the original pleading. *Mayle v. Felix*, ___ U.S. ___, 125 S. Ct. 2262 (2005). The Supreme Court held that the relation back doctrine will only apply to newly-added claims which share a "common core of operative facts" with claims which have been timely made. It interpreted the "conduct, occurrence, or transaction" language of Rule 15(c)(2) to refer to the facts giving rising to a particular habeas corpus claim, rather than to the trial and eventual conviction which are being attacked in the habeas proceeding. It expressly held that "[a]n amended habeas petition . . . does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth."

Respondent conceded that the first and second grounds for relief in the proposed amended petition are basically the same as the first and second grounds in the original Petition and thus there is no relation back problem with them. However, Respondent contended and the Court agreed that the third and fourth grounds in the proposed amended petition are not related in the Rule 15 sense to any of the grounds in the original petition.

In Ground Three of his Amended Petition, Mr. Reid argues his convictions are based on insufficient evidence. In Ground Four he argues that his aggravated murder conviction should be reversed because it is the result of an inconsistent verdict. The five grounds pled in the original

Petition are:

1. Sixth Amendment violation in allowing a joint trial where extra-judicial statements would be used from a non-testifying co-defendant.

2. Trial court abuse of discretion in discharging a juror during trial.

3. Denial of the right of appeal because of denial of Petitioner's Application for Reopening.

4. Denial of effective assistance of trial counsel because counsel did not meet with witnesses or conduct an investigation of the case.

5. Denial of a fair trial through the cumulative effect of errors.

(Petition, Doc. No. 1, at 5-7.)  It is readily apparent on their face that Grounds Three and Four do not relate to any of the five Grounds for Relief in the original Petition.  The claim of insufficient evidence would depend on looking at the evidence as a whole and determining whether "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . ." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).  The claim of inconsistent verdicts would require looking at the verdicts themselves and determining whether they were inconsistent.  Obviously, there is some overlap between the facts the Court would consider on the original Petition and on the added claims, particularly because several of them require considering the trial evidence as a whole.  However, the requirement imposed in *Mayle v. Felix, supra*, is obviously much stricter.

Because neither Ground Three nor Ground Four sought to be added by the Amended Petition relates back to the time of filing the original Petition, both are barred by the statute of limitations.

**Grounds One and Two Are Procedurally Defaulted**

Ground One of the Amended Petition asserts that the "Trial Court erred in allowing joint trial where extra-judicial statements would be used in violation of an accused's Sixth Amendment right to confront witnesses against him." The asserted supporting facts are that he and Mr. McCullar were jointly tried for aggravated murder and McCullar did not testify. McCullar had, however, made a statement to police which was admitted in evidence: "I didn't mean to kill that man. It was just supposed to be a robbery." (Trial Transcript at 999-1000.) Petitioner asserts that this statement was clearly intended by McCullar to inculpate Reid by exculpating himself and that its admission runs afoul of the Bruton doctrine. In *Bruton v. United States*, 391 U.S. 123 (1968), the Supreme Court held that the admission of a co-defendant's confession implicating the non-confessing defendant violated the non-confessing defendant's Sixth Amendment rights to confrontation and cross-examination where the co-defendant does not testify at trial. *Id.* at 132, 136.

Ground Two of the Amended Petition asserts that the "Trial court erred in discharging a juror during petitioner's trial without holding a fair hearing balancing petitioner's right to a racially impartial jury." The asserted supporting facts are that during trial, juror number 6, who is African-American, as is Petitioner, was approached by a courtroom spectator who identified her as a nurse at Miami Valley Hospital. After conducting an interview with the juror in which she cried and said she felt intimidated, the judge excused her. Petitioner asserts that before the juror was excused, there should have been a hearing under *Remmer v. United States*, 347 U.S. 227, 76 S. Ct. 425, 100 L. Ed. 435 (1954).

Respondent contends these Grounds for Relief are barred by procedural default in presenting

-7-

them to the Ohio courts. The claims were raised on direct appeal and denied in the Montgomery County Court of Appeals. However, Respondent asserts, Petitioner failed to appeal to the Ohio Supreme Court within the forty-five days allowed by law and his motion for leave to file a delayed appeal was denied by that Court.

The record reflects that the Court of Appeals decided the case on August 1, 2003 (Answer of Respondent, Doc. No. 7, Ex. 21). The forty-fifth day thereafter was Monday, September 15, 2003. Petitioner asserts in an Affidavit in support of his Motion for Leave to File a Delayed Appeal in the Ohio Supreme Court that he originally "filed" a notice of appeal in the Ohio Supreme Court on September 11, 2003, which was returned to him because it was not accompanied by a copy of the opinion of the Court of Appeals (Answer, Doc. No. 7, Ex. 22). He claims he immediately responded by sending the required copy which was received by the Clerk of the Supreme Court on September 19, 2003. Because this was late, he had to file a motion for delayed appeal, which he did on October 22, 2003. *Id*. The Ohio Supreme Court denied this Motion on December 10, 2003 (Answer, Doc. No. 7, Ex. 23).

Failure to present an issue to the state supreme court on discretionary review constitutes procedural default. *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). However, Petitioner would have presented these claims to the Ohio Supreme Court if his delayed appeal had been granted; they are included in the propositions of law which he told that court he would raise if granted permission. (Answer, Doc. No. 7, Ex. 22).

The Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Reynolds v. Berry*, 146 F. 3d 345, 347-48 (6th Cir. 1998), citing *Maupin v. Smith*, 785 F. 2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F. 3d

594 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
>
> . . . .
>
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.
>
> Once the court determines that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner must demonstrate under *Sykes* that there was "cause" for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error.

*Maupin,* 785 F. 2d*,* at 138.

The questions before the Court, then, are whether Ohio has an apparently applicable procedural rule with which Petitioner failed to comply, whether the Ohio courts applied this rule against Petitioner, and whether the Ohio rule is an adequate an independent state ground of decision. This Court faced precisely these same issues in *Bonilla v. Hurley*, Case No. 3:02-cv-334. There petitioner was in the same position as Mr. Reid: he filed a motion for leave to file a delayed appeal with a statement of reasons for the delay which the Ohio Supreme Court did not accept. This Court granted a certificate of appealability on the question "whether Petitioner is barred from merit consideration of his habeas petition by his procedural default in failing to timely appeal to the Ohio Supreme Court." (Decision and Order of April 8, 2003 in 3:02-cv-334). On appeal, the Sixth Circuit held:

> Bonilla failed to file a timely notice of appeal with the Ohio Supreme Court and his motion for leave to file a delayed appeal was denied by that court apparently because he failed to demonstrate adequate reasons for his failure to file a timely notice of appeal or to otherwise comply with the provisions of Ohio Sup. Ct. R. II, Section 2(A)(4). Where a state court is entirely silent as to its reasons for denying requested relief, we assume that the state court would have enforced any applicable procedural bar. Simpson v. Sparkman, 94 F.3d 199, 203 (6th Cir. 1996).

*Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004).

*Bonilla* directly controls here because the cases are precisely analogous. Petitioner's First and Second Grounds for Relief should be dismissed as procedurally defaulted.

### Conclusion

The Amended Petition should be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and leave to appeal *in forma pauperis*.

October 15, 2005.

                              s/ **Michael R. Merz**
                              Chief United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part

upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).