IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON


ANTWAN REID, SR.,
:
    Plaintiff-Petitioner,
:
    vs.                          Case No. 3:05cv109
:
JAMES HAVILAND, WARDEN,    :    JUDGE WALTER HERBERT RICE

    Defendant-Respondent.

---

DECISION AND ENTRY ADOPTING INITIAL (DOC. #19) AND SUPPLEMENTAL (DOC. #23) REPORTS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE IN THEIR ENTIRETY, AS SUPPLEMENTED HEREIN; PLAINTIFF-PETITIONER'S OBJECTIONS TO SAID JUDICIAL FILINGS (DOCS. #22 AND #24) OVERRULED; JUDGMENT TO ENTER IN FAVOR OF DEFENDANT-RESPONDENT AND AGAINST PLAINTIFF-PETITIONER, DISMISSING PLAINTIFF-PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS AS TIME BARRED; CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED; TERMINATION ENTRY

---

Based upon the reasoning and citations of authority set forth by the United States Magistrate Judge in his Initial (Doc. #19) and Supplemental (Doc. #23) Reports and Recommendations, as well as upon a thorough *de novo* review of this Court's file and the applicable law, this Court adopts said Reports and Recommendations in their entirety, as supplemented herein. Plaintiff-Petitioner's Objections to said judicial filings (Docs. #22 and #24) are overruled.  Judgment will

be ordered entered in favor of the Defendant-Respondent and against Plaintiff-Petitioner, dismissing Plaintiff-Petitioner's Petition for Writ of Habeas Corpus with prejudice.

As an initial matter, the Plaintiff-Petitioner contends that the Magistrate Judge was without authority to issue his Supplemental Report and Recommendations (Doc. #23). *See* Doc. #24. This Court cannot agree. The General Order of Assignment and Reference, which was in effect for this Court when the Magistrate Judge issued his Supplemental Report and Recommendations (Doc. #23), provides in pertinent part:

> 9. Recommital: In any case in which a party files objections to or an appeal from a decision or report and recommendations of a Magistrate Judge, the assigned Magistrate Judge is authorized, pursuant to Fed. R. Civ. P. 72(b), to reconsider the decision and [to] file a supplemental report and recommendations or supplemental decision.

*Id*. at 4. Accordingly, this Court concludes that the Magistrate Judge was authorized to issue his Supplemental Report and Recommendations (Doc. #23).

In the course of resolving the issue of whether the claims Plaintiff-Petitioner was seeking to add with his proposed Amended Petition (Doc. #9) were barred by the statute of limitations, the Magistrate Judge held, in accordance with then binding Sixth Circuit authority, that the statute of limitations was tolled for 90 days, during which Plaintiff-Petitioner could have sought a writ of certiorari from the United States Supreme Court, in order to review the dismissal of his request for post-conviction relief in state court under § 2923.21, following dismissal of that

petition through the state court system. *See* Doc. #19 at 4. Subsequently, however, the United States Supreme Court held that the statute of limitations for habeas corpus proceedings is not tolled under those circumstances. *Lawrence v. Florida*, — U.S. —, 127 S.Ct. 1079 (2007). Of course, the decision by the *Lawrence* Court merely means that the claims Plaintiff-Petitioner would have added with his Amended Petition (Doc. #9) are even more barred by the statute of limitations, than indicated by the Magistrate Judge.

In addition, this Court will briefly set forth its reasons for concluding that Plaintiff-Petitioner's claim of actual innocence, he has phrased as a miscarriage of justice, does not equitably toll the statute of limitations. In *Ross v. Berghuis*, 410 F.3d 552 (6th Cir. 2005), the Sixth Circuit explained its holding in *Souter v. Jones*, 395 F.3d 577 (6th Cir. 2005), noting that it had held therein that actual innocence could equitably toll the statute of limitations, if "the petitioner [could] prove that new[,] reliable evidence establishes his innocence by a more-likely-than-not standard." *Id*. at 556. The *Ross* court also noted that the holding in *Souter* was based upon the decision of the United States Supreme Court in *Schlup v. Delo*, 513 U.S. 298 (1995). *Id*. Herein, the Magistrate Judge applied those legal principles in his through discussion of Plaintiff-Petitioner's claim of actual innocence. *See* Doc. #23 at 6-7. The Plaintiff-Petitioner has not presented new, reliable evidence which would establish his innocence under any standard. On the contrary, as the Magistrate Judge noted (*see* Doc. #23 at 7), the Plaintiff-Petitioner relies upon

evidence which was available to him at the time of his trial.  Accordingly, this Court concludes that the Plaintiff-Petitioner has failed to make a showing of actual innocence, which would equitably toll the statute of limitations in this litigation.

Because this Court's Opinion herein would not be debatable among jurists of reason and, further, because any appeal from the decision rendered herein would be <u>objectively</u> frivolous, this Court denies both a Certificate of Appealability and anticipated request for leave to appeal *in forma pauperis*.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

/s/ Walter Herbert Rice

February 6, 2008

WALTER HERBERT RICE
UNITED STATES DISTRICT JUDGE

Copies to:

Antwan Reid, Sr., Pro Se

M. Scott Criss, Esq.

Chief Magistrate Judge Michael R. Merz